SCHEB, Acting Chief Judge.
Appellants, Sallie E. Massey, as personal representative, and New Brook Groves, Inc., appeal a judgment for damages including attorney’s fees awarded Robert Watson for breach of a real estate brokerage agreement.
Sometime in 1981 or 1982, New Brook Groves through its officer Herbert Massey entered into an agreement with Watson, a real estate broker, to sell the corporation’s Moon Lake property in Pasco County. The agreement stipulated that Watson was to receive a 10% commission based on the selling price, provided the property sold during the term of the agreement, which was to expire on December 31, 1983.
Two provisions of the agreement are particularly relevant to this appeal:
Paragraph 5: By this Agreement, Owner gives to Realtor the sole and exclusive right to sell the property described herein. If said property is sold during the term of this Agreement at a price and upon terms acceptable to the Owner to a purchaser procured by the broker, by the Owner or through agencies other than the broker or the Owner, or by any party whomsoever, the Owner agrees to pay to broker forthwith the amount of commission provided in this Agreement.
Paragraph 6: In connection with any litigation including appellate proceedings arising out of this Employment Agreement, the prevailing party shall be entitled to recover reasonable attorney’s fees and costs.
Herbert Massey died on October 19, 1982. On July 21, 1983, the corporation deeded the Moon Lake property to the Massey estate. Thereafter, on August 17, 1983, the corporation was voluntarily dissolved.
On September 19,1983, Sallie Massey, as personal representative, leased the Moon Lake property to Pelloni Development Corporation. The lease agreement included an option to purchase the tract on or before December 28, 1983. The agreement was subsequently amended to extend the option period until February 28, 1984. Pelloni exercised the option, and on March 1, 1984, Ms. Massey conveyed the Moon Lake property to Pelloni for $650,000. No sales commission was paid to Watson or any other broker as a result of the sale.
Watson filed suit contending that he had an exclusive right to sell the Moon Lake property. As a result of the sale by the Massey estate, he alleged he was entitled to a real estate brokerage commission. In a nonjury trial the court awarded him a judgment for $65,000 commission, $17,907 interest, $25,000 attorney’s fees and costs of $1,613.87, making a total judgment of $109,520.87. This appeal ensued.
While appellants raise several points on appeal, we find merit in only one. However, we briefly discuss two of appellants’ points which we reject. Appellants first argue that the trial court erred in determining that the agreement between New Brook Groves and Watson was an exclusive right to sell agreement entitling the broker to a commission even though he did not procure the ultimate purchaser of the property. We find this argument unpersuasive in view of the quoted language in paragraph 5 of the agreement. Flynn v. McGinty, 61 So.2d 318 (Fla.1952).
*742 Next, appellants contend that no commission was due Watson since the contract for sale and the sale both occurred after expiration of the listing agreement with Watson. We disagree. The contract granting Pelloni the option to purchase the land was entered into by the estate during the viable period of the brokerage agreement, and the sale promptly closed pursuant to such agreement. See Oscar Dooley Associates, Inc. v. Mumford, 235 So.2d 305 (Fla. 3d DCA 1970).
Appellants’ argument that the trial court erred in arriving at the amount of attorney’s fees awarded to Watson has merit. As noted, the listing agreement with Watson provided for an award of attorney’s fees to the prevailing party in any litigation arising out of that contract. After the court found in favor of Watson, it conducted a further hearing to determine a reasonable attorney’s fee to include in the final judgment. While the court did receive expert testimony as to reasonable attorney’s fees, it failed to fully comply with the requirements of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). In Rowe the supreme court articulated specific guidelines for determining the reasonableness of court awarded attorney’s fees, and directed the trial courts to set forth their findings in awarding such fees. Rowe, 472 So.2d at 1151. Rowe applies whether the awarded attorney’s fees are based on entitlement by statute or by contract. See Appalachian, Inc. v. Ackmann, 507 So.2d 150 (Fla. 2d DCA 1987).
Accordingly, we affirm the judgment of the trial court in all respects except the award of attorney’s fees. We vacate that award and remand for a new evidentiary hearing for the purpose of determining a reasonable fee for the appellee consistent with the appropriate factors and guidelines set forth in Rowe.
CAMPBELL and HALL, JJ., concur.