510 So.2d 1141 (1987)
FREEDOM SAVINGS AND LOAN ASSOCIATION, a Florida Corporation, Appellant,
v.
BILTMORE CONSTRUCTION COMPANY, INC., a Florida Corporation, Appellee.
No. 86-2745.
District Court of Appeal of Florida, Second District.
August 7, 1987.
Gergory E. Mierzwinski and Mark J. Wolfson, of Rudnick & Wolfe, Tampa, for appellant.
Morris Silberman, of Richards, Nodine, Gilkey, Fite, Meyer & Thompson, P.A., Clearwater, for appellee.
SCHEB, Acting Chief Judge.
This is an appeal from the trial court's award of attorney's fees.
Biltmore Construction Company, Inc. recovered a judgment against Freedom Savings and Loan Association for breach of contract. The contract Biltmore sued upon included a provision that "the prevailing party shall be entitled to the payment of all costs, including a reasonable attorneys' fee." In the final judgment in favor of Biltmore, the trial court retained jurisdiction to enter an award for attorney's fees and costs. No appeal ensued from the final judgment.
Subsequently, Biltmore brought for hearing its request for award of reasonable attorney's fees and costs. Freedom stipulated as to court costs, but contested the amount of attorney's fees. At the hearing Dennis P. Thompson, the principal attorney who handled the case for Biltmore, testified as to the time his office expended in handling the case. No time records were produced in court. Thompson acknowledged that there was no specific fee agreement between his firm and Biltmore, but said that he would bill his client for $15,000 even if fees were not awarded. Another experienced attorney testified that $16,000 would be a reasonable fee. Freedom presented no testimony on the issue of a reasonable fee. Nevertheless, its counsel argued that a maximum reasonable fee would be $6,390. This amount was based on what Freedom considered a fair hourly rate multiplied by the hours spent on the case by Thompson's firm.
The trial court awarded Biltmore's attorneys the stipulated amount of costs and an *1142 attorney's fee of $15,500, and this appeal by Freedom ensued.
Although the trial judge proceeded in the historic method of determining what constitutes a reasonable fee, such method no longer suffices since "great concern has been focused on a perceived lack of objectivity and uniformity in court-determined reasonable attorney fees." Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1149 (Fla. 1985). In Rowe the Florida Supreme Court set forth specific guidelines for determining the reasonableness of court awarded attorney's fees and directed the trial courts to set forth their findings in awarding such fees.
Biltmore correctly points out that Rowe involved a statutory fee award in a medical malpractice suit. While recognizing the mandates of Rowe, Biltmore argues that it has no applicability to this case because here Biltmore's entitlement to fees is based on contract rather than statute. Moreover, Biltmore contends that, in any event, Rowe would not apply here because the contract providing for assessment of fees to the prevailing party was executed in 1984, prior to Rowe.
We are aware that the third district has limited the applicability of Rowe to statutorily awarded attorney's fees. Shlachtman v. Mitrani, 508 So.2d 494 (Fla. 3d DCA 1987). Nevertheless, we have previously held that Rowe applies whether the awarded attorney's fees are based on entitlement by statute or by contract. Massey v. Watson, 508 So.2d 740 (Fla. 2d DCA 1987); Appalachian, Inc. v. Ackmann, 507 So.2d 150 (Fla. 2d DCA 1987); Ford v. Swope, 492 So.2d 782 (Fla. 2d DCA 1986). To apply Rowe to contracts entered into prior to that decision does not impair any rights of Biltmore; rather, it merely sets out a procedural method for determination of those rights. See Lowe v. Price, 437 So.2d 142 (Fla. 1983); see also City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961). Hence, we reject Biltmore's contentions.
According to Rowe, in computing an attorney fee, the trial judge should: (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Rowe at 1151. Contrary to Biltmore's argument, the application of the Rowe criteria does not neglect consideration of Disciplinary Rule 2-106 [now Rule 4-1.5 Rules Regulating The Florida Bar]. Rather, it provides for specific application of such rule. Rowe provides that the court, in establishing the hourly rate, should assume the fee will be paid irrespective of the result and take into account all of the factors in the rule except the "time and labor required," the "novelty and difficulty of the question involved," the "results obtained," and "[w]hether the fee is fixed or contingent." Rowe at 1150.
Accordingly, we reverse the award of attorney's fees and direct the trial court to hold a new evidentiary hearing for the purpose of determining a reasonable fee and to set forth its specific findings consistent with the appropriate factors and guidelines in Rowe.
RYDER and SCHOONOVER, JJ., concur.