## MULLER v SAFEWAY INSURANCE COMPANY

### Case No. 88-113 AP (County Court Case No. 87-17588-SP05)

Eleventh Judicial Circuit, Dade County

January 25, 1989

### APPEARANCES OF COUNSEL

**Dorothy Powers,** Fazio, Dawson, DiSalvo, Cannon, Levine & Abers, for appellant.

**Steven A. Goldstein,** for appellee.

Before GREENBAUM, MORENO, KAHN, JJ.

### OPINION OF THE COURT

KAHN, Judge.

The Order on Attorney's Fees refers to *Florida Patient's Compensation v Rowe,* 472 So.2d 1145 (Fla. 1985), but does not comply with its requirements. *Rowe* (pg. 1151) states that the trial court must set forth specific findings as to the number of hours reasonably expended, the hourly rate, and the appropriateness of the reduction or enhancement factors.

The Order on Attorney's Fees refers to expert witness testimony as

to a reasonable fee, and the expert's basis for that opinion. The Order makes some findings, but falls short of the *Rowe* requirements. *Freedom Savings & Loan Association v Biltmore Construction Company, Inc.,* 510 So.2d 1141 (Fla. 2d DCA 1987); *Dorsky v Highlands County Title,* 13 FLW 1352 (Fla. 2d DCA 1988); *Lanham v Lanham,* 13 FLW 1593 (Fla. 2d DCA 1988).

The record on appeal contains no documentation (such as a cost affidavit) as would support Appellant's conclusion that the trial court failed to make a proper award of costs.

Accordingly, we reverse the Order on Attorney's Fees and direct the trial court to hold a new evidentiary hearing for the purpose of determining a reasonable fee and to set forth its specific findings as mandated by *Rowe.* We affirm, however, that portion of the Order relating to costs.

GREENBAUM, J., Dissents.