851 So.2d 194 (2003)
NORTH DADE CHURCH OF GOD, INC., Appellant,
v.
JM STATEWIDE, INC. and JEC & CM, Inc., Appellees.
No. 3D02-1916.
District Court of Appeal of Florida, Third District.
June 18, 2003.
Rehearing and Clarification Denied August 6, 2003.
*195 Rones & Navarro and Victor Rones, for appellant.
Rafferty, Gutierrez, Sanchez-Aballi, Stolzenberg & Gelles and Nicolas Gutierrez, for appellees.
Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
The North Dade Church of God, Inc. appeals a final judgment in a mortgage foreclosure case. We affirm in part and reverse in part.
In 1994 the Church borrowed $20,000 from JM Statewide, Inc. This was a five-year balloon loan at 8% interest. No payments were required until the maturity date. On maturity, the Church was to repay the $20,000 plus $8,000 in accrued interest, for a total of $28,000.
The Church did not pay the mortgage when due. JM had in the meantime assigned the loan to JEC & CM, Inc., which sought foreclosure.
The parties entered into a settlement stipulation whereby the Church was allowed time to refinance. The Church was allowed to reserve its defenses to the foreclosure, and approximately $13,000 was escrowed pending resolution of disputes between the parties on the interest and attorney's fees owed.
The trial court ruled in favor of the lender on the amount of interest owed. The court made a determination of the amount of attorney's fees the Church must pay on account of the foreclosure action. The Church has appealed.
The trial court rejected the Church's usury defense. We entirely agree.
The mortgage note provided, "While in default, and after maturity, this note shall bear interest at the highest legal rate permitted by Florida law from the date of the default or from the date of maturity...." The lender calculated interest at the highest legal rate on the entire overdue balance of $28,000. The Church argued that this made the loan usurious, *196 because interest was being charged on accrued interest. The Church is incorrect.
"A provision in a promissory note calling for the payment of interest on deferred or past-due interest does not make the note usurious, because computing interest upon interest supplies the place of prompt payment and indemnifies the creditor for his or her forbearance." 32 Fla. Jur.2d Interest and Usury § 73 (2003) (footnote omitted) (citing Morgan v. Mortgage Discount Co., 100 Fla. 124, 129 So. 589 (1930)). Thus, the interest calculation in this case was within legal limits and was not usurious. We also agree with the trial court in rejecting the Church's equitable defenses to the claim for interest and attorney's fees.
We do, however, conclude that the attorney's fee award must be reduced. As a preliminary matter, under the parties' stipulation, the Church paid an initial $4,000 for attorney's fees and another $11,000 was escrowed for the additional attorney's fees and costs claimed by JM and JEC & CM. We agree with the Church that under the wording of the stipulation, the attorney's fee and cost award cannot exceed these amounts, i.e. a total of $15,000.
Having reviewed the record, we are of the view that the $17,000 amount awarded is excessive. This was a $28,000 mortgage foreclosure in which there was an early settlement, minimal active litigation, and repayment through a refinancing with another lender.
It appears that a certain amount of the attorney's fee award included time spent litigating the amount of attorney's fees that the lender and assignee were claiming. It is settled that in litigating over attorney' fees, a litigant may claim fees where entitlement is the issue, but may not claim attorney's fees incurred in litigating the amount of attorney's fees. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 832-33 (Fla.1993); Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 723-24 (Fla. 5th DCA 1999); Oruga Corp., Inc. v. AT & T Wireless of Florida, Inc., 712 So.2d 1141, 1145 (Fla. 3d DCA 1998); Dept. of Trans. v. Winter Park Golf Club, Inc., 687 So.2d 970, 971 (Fla. 5th DCA 1997). On remand, the court must delete time attributable to litigating the amount of attorney's fees claimed.
Attorney's fees should also not be awarded for an issue on which the moving party was unsuccessful. Here it appears that the lender and assignee attempted to assert a theory of priority over the first mortgage in the case, which was abandoned in the settlement. Attorney's fees should be deleted which relate to that issue.
The time sheets also reflect a significant amount of time spent in conferences between the partner and the associate who were working on the case as well as multiple attorneys performing or reviewing the same items. Duplicative time charged by multiple attorneys working on the case are generally not compensable. Likewise noncompensable is excessive time spent on simple ministerial tasks such as reviewing documents or filing notices of appearance. Haines v. Sophia, 711 So.2d 209, 212 (Fla. 4th DCA 1998); Brevard County v. Canaveral Properties, Inc., 696 So.2d 1244, 1245 (Fla. 5th DCA 1997); Ziontz v. Ocean Trail Unit Owners Ass'n Inc., 663 So.2d 1334, 1335-36 (Fla. 4th DCA 1993).
We remand the case for a reduction of the attorney's fee in accordance with the views expressed here. Fees are awardable only for hours reasonably expended, and noncompensable time must be excluded.[1] *197 Miller v. First American Bank & Trust, 607 So.2d 483, 484-85 (Fla. 4th DCA 1992); Ziontz, 663 So.2d at 1336.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.[2]
NOTES
[1] The trial court should make the lodestar findings contemplated by Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828, 834 (Fla.1990). We do not fault the trial court for the absence of such findings after the hearing below because no one requested such findings.
[2] The Church's final argument, regarding its related claim against JM over a roofing repair, is not ripe for us to express an opinion on.