PER CURIAM.
William D. Bayer and Angela E. Turra appeal a second supplemental final judgment which awarded them a portion of the attorney’s fees they sought.[1] We reverse and remand. On remand, a different judge shall determine the amount of attorney’s fees to be awarded to Mr. Bayer and Ms. Turra as further-explained below.
This is the second time this matter has been presented to this court. In the first appeal, this court reversed and remanded based upon a determination that error was apparent on the face of the (first) supplemental final judgment because it did not contain findings regarding the amount of fees' awarded. See Bayer v. Global Renaissance Arts, Inc., 869 So.2d 1232 (Fla. 2d DCA 2004). On remand, the trial court entered a second supplemental final judgment which awarded attorney’s fees and explained why it awarded an amount of fees far less than those sought. However, the trial court again failed to set forth specific findings regarding the number of hours reasonably expended, the reasonable hourly rate, and the propriety of the reduction factors, and this appeal ensued.
We reverse the second supplemental final judgment and remand this matter to the trial court. The trial judge’s written findings and resistance to follow this court’s prior mandate indicate an unwillingness to follow our ruling in a fair and impartial manner. Thus, we direct the chief judge of the Twentieth Judicial Circuit to assign this case to a different judge to consider the motion for attorney’s fees on remand. The judge appointed on remand is instructed to set forth specific findings regarding the number of hours “reasonably” expended, the “reasonable” hourly rate, and any adjustment to the lodestar amount. See Fla. Patient’s *997 Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Reversed and remanded.
WHATLEY, SALCINES, and VILLANTI, JJ., Concur.

. The second supplemental final judgment also denied attorney's fees to Global Renaissance Arts, Inc., and Richard Riverin and granted costs to all the parties. Those aspects of the second supplemental final judgment have not been challenged in, this appeal.