918 So.2d 313 (2005)
BOARD OF REGENTS and The University of South Florida, Appellants,
v.
Jerry Ann WINTERS, Appellee.
No. 2D04-3298.
District Court of Appeal of Florida, Second District.
September 9, 2005.
Rehearing Denied January 19, 2006.
*314 John W. Campbell, Michael D. Malfitano, and Monica J. Williams of Constangy, Brooks & Smith, LLC, and Olga J. Joanow, Associate General Counsel, University of South Florida, Tampa, for Appellants.
Mark F. Kelly of Kelly & McKee, P.A., Tampa, for Appellee.
CANADY, Judge.
The Florida Board of Regents and the University of South Florida (USF) appeal an administrative order awarding Jerry Ann Winters attorneys' fees arising from the proceedings that resulted in the decision terminating Winters' employment at USF. We affirm the findings of the administrative law judge (ALJ) as to the reasonable number of hours expended and the reasonable hourly rate because they are supported by competent, substantial evidence. However, we reverse for the ALJ to adjust the amount of the attorneys' fee award based on the results obtained and to consider the partial contingency agreement entered into by Winters and her counsel.
The underlying facts of this case are set forth in Winters v. Florida Board of Regents, 834 So.2d 243 (Fla. 2d DCA 2002), in which Winters challenged a final agency order upholding her dismissal as the head coach of USF's women's basketball team. This court reversed for a determination of whether Winters' dishonesty alone was cause for her termination. Id. at 251. This court granted Winters' motion for attorneys' fees. On remand, USF entered an amended agency order finding sufficient cause for Winters' termination based upon dishonesty. Winters appealed, and this court affirmed the decision to terminate Winters. See Winters v. Fla. Bd. of Regents, 864 So.2d 418 (Fla. 2d DCA 2003) (table decision). After an evidentiary hearing, the ALJ awarded Winters attorneys' fees of $88,000 for the administrative proceeding and the prior appellate proceeding.
The Board of Regents and USF claim that the ALJ erred in failing to consider the results obtained in the underlying litigation in determining reasonable attorneys' fees and that Winters' success in the underlying litigation was limited. Winters contends that the ALJ's fee award was correct under the provisions of section 120.595(5), Florida Statutes (2002), which require an award of reasonable fees and costs "for the administrative proceeding and the appellate proceeding" whenever an "agency improperly rejected or modified findings of fact in a recommended order." According to Winters, these provisions should be construed to operate in a punitive fashion to sanction an agency's improper rejection or modification of a hearing officer's findings. Based on this construction of the statutory provisions, Winters contends that full fees should be awarded without any reduction based on the results obtained.
In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985), the Florida Supreme Court adopted the federal lodestar approach to determining reasonable attorney's fees. The lodestar figure is the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. Id. at 1151. "Once the court arrives at the *315 lodestar figure, it may add or subtract from the fee based upon ... the `results obtained.'" Id.
The "results obtained" may provide an independent basis for reducing the fee when the party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims. When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims. In adjusting the fee based upon the success of the litigation, the court should indicate that it has considered the relationship between the amount of the fee awarded and the extent of success.
Id.
We reject Winters' argument that section 120.595(5) requires that there be no reduction in the award of fees based on the results obtained. Nothing in the text of section 120.595(5) supports applying the fee provisions in the punitive manner suggested by Winters. A Rowe analysis is applicable under section 120.595(5) because the statute specifically provides for an award of "reasonable attorney's fees." A determination of "reasonable attorney's fees" necessarily takes into account the factors set forth in Rowe.
Here, the ALJ's order awarding fees does not indicate that the ALJ considered the relationship between Winters' successful and unsuccessful claims. The order thus fails to comply with the requirements of Rowe. On appeal from the first agency order, Winters was unsuccessful on her claim that the agency erred in finding her dishonest. Winters, 834 So.2d at 250. Winters prevailed on only one claim  that the agency erred in determining that she was guilty of retaliatory conduct  and the result of her success of that claim was not a reversal of the agency's order of termination but a remand for the agency to reconsider the termination issue. Id. at 251. If the result of the litigation was partial or limited success, the lodestar must be reduced to an amount that is not excessive. See Norman v. Hous. Auth., 836 F.2d 1292, 1302 (11th Cir.1988) (citing Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Because Winters' success on appeal was limited "in comparison to the scope of the litigation as a whole," the ALJ erred in failing to adjust the lodestar amount based on her unsuccessful claim. Id. (citing Hensley, 461 U.S. at 435, 440, 103 S.Ct. 1933). Accordingly, we reverse and remand for the trial court to either attempt to identify specific hours spent in the unsuccessful claim or to simply reduce the award by some proportion. See Rowe, 472 So.2d at 1151; Fashion Tile & Marble, Inc. v. Alpha One Constr. & Assocs., Inc., 532 So.2d 1306, 1309 (Fla. 2d DCA 1988); Norman, 836 F.2d at 1302.
The Board of Regents and USF also argue that the ALJ should have adjusted the lodestar figure based on the partial contingency risk agreement entered into by Winters and her counsel. Winters concedes that the agreement was in existence  and that she and her counsel had been operating under the agreement  at the time of the appeal of the first agency order. On remand, the ALJ shall consider whether the lodestar amount should also be reduced based on the contingency risk factor in the partial contingency fee agreement. See Rowe, 472 So.2d at 1151.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.