928 So.2d 495 (2006)
Thomas C. BARATTA, Jr., Appellant,
v.
VALLEY OAK HOMEOWNERS' ASSOCIATION AT THE VINEYARDS, INC., a Florida nonprofit corporation; R.F. Jack Cummings, Joseph A. Moreland, Robert G. Partridge, Tammy L. Langdon, and Douglas H. Wright, all individually and as Directors; and Newell Property Management Corporation, a Florida corporation, Appellees.
No. 2D05-2318.
District Court of Appeal of Florida, Second District.
May 10, 2006.
*496 Thomas C. Baratta, Jr., pro se.
Alfred F. Gal, Jr., of Samouce, Murrell & Gal, P.A., for Appellee Valley Oak Homeowners' Association at the Vineyards, Inc.
No appearance for Appellees R.F. Jack Cummings, Joseph A. Moreland, Robert G. Partridge, Tammy L. Langdon, Douglas H. Wright, and Newell Property Management Corporation.
STRINGER, Judge.
Thomas Baratta appeals from an amended final judgment awarding attorney's fees and costs against him and in favor of Valley Oak Homeowner's Association after Baratta's case against Valley Oak was dismissed for failure to prosecute. This court had previously reversed a judgment for attorney's fees in favor of Valley Oak and remanded for the trial court to make the findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), to support the award. See Baratta v. Valley Oak Homeowners' Ass'n, 891 So.2d 1063 (Fla. 2d DCA 2004). Because the trial court again failed to make the required findings, we again reverse and remand for further proceedings.
This case arises out of a dispute between Baratta and Valley Oak concerning the type and color of signposts and mailboxes in the community. Baratta successfully obtained a temporary injunction to prevent Valley Oak from assessing homeowners for the new signposts and mailboxes; however, he did not take any further steps to obtain the permanent injunction that he had initially sought. At some point while the temporary injunction was in place, Valley Oak apparently took some action that violated the temporary injunction, and Baratta sent correspondence to Valley Oak's counsel on this issue. However, when no record activity had occurred for more than one year after the temporary injunction was obtained, Valley Oak sought and obtained a dismissal of the action for failure to prosecute.
Valley Oak then sought an award of attorney's fees and costs, contending that it was the prevailing party in the action and that it was therefore entitled to an award of its attorney's fees and costs under certain provisions of the governing association documents. At the hearing on Valley Oak's motion, Baratta argued that Valley Oak should not be considered the prevailing party for purposes of attorney's fees because he had successfully obtained a temporary injunction against Valley Oak. Baratta, 891 So.2d at 1065 n. 2. In the alternative, Baratta argued that neither party should be considered a prevailing *497 party because they had "fought to a draw." Id. at 1065 n. 3. Despite these arguments, the trial court found that Valley Oak was the prevailing party entitled to attorney's fees. The trial court then heard evidence on the issue of the amount of attorney's fees and costs to be awarded. After considering the evidence presented, the trial court awarded Valley Oak all of the attorney's fees and costs it sought and entered a written final judgment. However, this final judgment contained no findings of any kind as to the reasonable hourly rate or the reasonable number of hours expended by Valley Oak's attorneys.
Baratta appealed this final judgment, contending that Valley Oak should not be considered the prevailing party and that the portion of the final judgment awarding attorney's fees did not comply with Rowe. Because this court's record did not include a transcript of the hearing on the motion for attorney's fees, this court was unable to determine whether the attorney's fee award was supported by competent, substantial evidence. Baratta, 891 So.2d at 1065 n. 4. Rather, this court held only that the judgment was fundamentally erroneous on its face because it failed to include the findings required by Rowe. Id. at 1065. Accordingly, while this court affirmed the finding that Valley Oak was the prevailing party, we reversed and remanded for the trial court to enter an amended judgment that complied with the requirements of Rowe. Id. at 1066.
On remand, Valley Oak argued that the trial court did not need to have a new evidentiary hearing on the issue of attorney's fees and that it could simply enter an amended judgment incorporating the findings it allegedly made on the record at the earlier hearing. Valley Oak proffered a proposed amended judgment for attorney's fees and costs that contained findings as to the reasonable hourly rate for and the reasonable number of hours expended by its attorneys, and Valley Oak suggested that the trial court could also attach the portions of the transcript from the prior evidentiary hearing that reflected its complete findings. Baratta objected to the proposed amended judgment, noting that it did not comply with this court's mandate because it still did not contain all of the findings required by Rowe. Baratta also pointed out that the trial court should consider that Valley Oak lost at the temporary injunction hearing when considering whether its request for fees was reasonable. After considering these arguments and reviewing the proposed amended judgment offered by Valley Oak, the trial court stated, "Baratta is correct that this order still doesn't comply with what I think the second district is looking for or any appellate court, and that is some findings of fact." Nevertheless, the trial court signed the proposed amended judgment as presented and attached certain portions of the transcript of the prior evidentiary hearing. Baratta now seeks review of this amended judgment for attorney's fees and costs.
In Rowe, the supreme court adopted the federal lodestar approach for determining a reasonable attorney's fee under a prevailing party attorney's fee statute or contractual provision. Rowe, 472 So.2d at 1146; Freedom Sav. & Loan Ass'n v. Biltmore Constr. Co., 510 So.2d 1141, 1142 (Fla. 2d DCA 1987) (holding that Rowe applied to both statutory and contractual prevailing party fee awards). In doing so, the court recognized that while the amount of a reasonable fee had to be determined based on the facts of each case, certain factors had to be considered in every case in order to make that determination. Rowe, 472 So.2d at 1150. Thus, the Rowe court required the trial court to consider the following factors in every case:

*498 (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Id. After considering these factors, the trial court must make specific findings concerning the reasonable hourly rate, the number of hours reasonably expended, and the appropriateness of any reduction or enhancement factors. Id. at 1151; see also Abdalla v. Southwind, Inc., 561 So.2d 468, 468 (Fla. 2d DCA 1990); Biltmore Constr. Co., 510 So.2d at 1142. The failure to make these required findings constitutes reversible error. Bayer v. Global Renaissance Arts, Inc., 898 So.2d 995, 996 (Fla. 2d DCA 2005); Abdalla, 561 So.2d at 468.
In this case, the amended final judgment for attorney's fees does contain findings concerning the number of hours reasonably expended and the reasonable hourly rate. However, it contains no findings whatsoever concerning the appropriateness of any reduction or enhancement factors despite Baratta's argument that the court should consider that Valley Oak had lost at the temporary injunction hearing, and so the fees should be reduced. Therefore, the amended final judgment still fails to comply with the requirements of Rowe.
Moreover, contrary to Valley Oak's assertions in both the trial court and on appeal, the transcript of the prior evidentiary hearing does not contain sufficient evidence to support the trial court's award of attorney's fees. A review of that transcript shows that there was no evidence of any type presented to allow the trial court to consider at least three of the Rowe factors: the likelihood of this case precluding other representation by the attorneys, the nature and length of the relationship between Valley Oak and the attorneys, and the experience and reputation of the attorneys. Because no evidence was even presented concerning these factors, it would have been impossible for the trial court to have considered them in reaching its determination of a reasonable fee, despite being required to do so by Rowe. Therefore, we cannot say that the trial court's findings on the reasonableness of the hours expended and the reasonableness of the hourly rate are supported by competent, substantial evidence. Accordingly, we must reverse the amended final judgment for attorney's fees and costs and remand for further proceedings.
While we are reversing solely because the amended final judgment does not comply with Rowe, our review of the time records presented by Valley Oak's counsel raises some concerns that we briefly address for guidance to the court on remand.
In deciding upon amounts to be awarded as attorney's fees, a trial court must consider not only the reasonableness of the fees charged but the appropriateness of the number of hours counsel engaged in performing his services as well. The court should review the *499 nature of the services rendered and the necessity for their performance, along with the reasonableness of the charges.
Mercy Hosp., Inc. v. Johnson, 431 So.2d 687, 688 (Fla. 3d DCA 1983). In determining the number of hours that have been "reasonably expended," the court must consider the time that would ordinarily have been spent by lawyers in the community to resolve this particular type of dispute, which is not necessarily the number of hours actually expended by counsel in the case at issue. In re Estate of Platt, 586 So.2d 328, 333 (Fla.1991); see also Centex-Rooney Constr. Co. v. Martin County, 725 So.2d 1255, 1258 (Fla. 4th DCA 1999). Thus, as a general rule, duplicative time charged by multiple attorneys working on the case is usually not compensable. N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So.2d 194, 196 (Fla. 3d DCA 2003). In addition, work that is necessitated by the client's own behavior should more properly be paid by the client than by the opposing party. See Guthrie v. Guthrie, 357 So.2d 247, 248 (Fla. 4th DCA 1978). Finally, attorney's fees should not usually be awarded for claims on which the moving party was unsuccessful. See Bd. of Regents v. Winters, 918 So.2d 313 (Fla. 2d DCA 2005); N. Dade Church of God, 851 So.2d at 196.
We recognize that our holding will require the trial court to conduct a new evidentiary hearing on the issue of attorney's fees and costs to address the Rowe factors not previously addressed. Once this new hearing is complete, the trial court must set forth specific written findings regarding the number of hours "reasonably expended," the "reasonable" hourly rate, and the reasons for any adjustment or lack thereof to the lodestar amount, all as required by Rowe.
Reversed and remanded for further proceedings.
SALCINES and LaROSE, JJ., Concur.