DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIAS MARCHELOS** and **MARTHA MARCHELOS**,
Appellants,

v.

**AMILCAR J. ADAO**,
Appellee.

No. 4D18-1873

[April 28, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE16-009741(18).

Gregory P. Borgognoni of Borgognoni Law, P.L., Coral Gables, and Robert Fast of The Fast Law Firm, Fort Lauderdale, for appellants.

Marc Edward Rosenthal, Paul David Edwards, Casey Ryan Cummings, and Joseph Thomas Dunn of Rosenberg Cummings & Edwards PLLC, Fort Lauderdale, for appellee Amilcar J. Adao.

GERBER, J.

The borrowers appeal from the circuit court's final order dismissing their counterclaim against the lender for civil usury arising from a 2004 promissory note which the borrowers executed in the lender's favor. The borrowers argue the note's pre-default interest, when combined with the note's post-default interest, yielded an effective interest rate exceeding the maximum interest rate permitted under Florida law. The borrowers' argument relies upon the lender's indebtedness affidavit, which claimed that, upon the borrowers' default, the note permitted the lender to compound the interest owed.

We affirm the circuit court's final order. Before providing our reasoning, we first recognize the borrowers correctly argue that the note's terms did not permit the lender to compound the interest owed on the principal. *See Morgan v. Mortg. Disc. Co.*, 129 So. 589, 590 (Fla. 1930) ("compound interest" involves addition of interest to principal to form a new principal and computation of interest on such new principal); *Cohen*

*v. Jain*, 219 So. 3d 100, 100 (Fla. 3d DCA 2017) ("[I]t is well-settled that where the note contains no express provision for the compounding of interest, the holder of the note is entitled only to simple interest.").

However, the lender's incorrect interpretation of the note does not alter the note's terms. A mere demand for usurious interest, unjustified by any contractual requirement to pay it, does not render the loan itself usurious. *McTigue v. Am. Sav. & Loan Ass'n of Fla.*, 344 So. 2d 254, 255 (Fla. 4th DCA 1977). As our supreme court recognized in *Home Credit Co. v. Brown*, 148 So. 2d 257 (Fla. 1962):

> [C]omputations under the usury law must be based on a determination of the scope of acceleration rights which a note or contract purports to give a lender or holder and not upon the sums actually claimed by [the lender or holder]. This follows necessarily from the principle that the vice of usury is one which inheres in the parties' agreement itself.

*Id.* at 260; *see also McTigue*, 344 So. 2d at 256 ("[A]n otherwise non-usurious loan does not become usurious merely because usurious interest is claimed or demanded under it.").

Here, the note itself was not usurious. The note provided, in pertinent part:

> FOR VALUE RECEIVED the undersigned, promises to pay to … [the lender] the principal sum of Three Hundred Thousand and 00/100 ($300,000.00) Dollars *together with interest thereon at the rate of ten (10%) per annum from the date hereof until maturity* … such principal sum and interest payable as follows:

> Payable in consecutive monthly installments of interest only in the sum of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars … until the entire indebtedness evidenced hereby is fully paid, except that any remaining indebtedness, if not sooner paid shall be due and payable on the [maturity date].

> ....

> All payments shall apply first to accrued interest, and the remainder, if any, to reduction of principal. If any installment of principal or interest is not paid when due, or upon any

default in the performance of any of the covenants or agreements of this Note ... the whole indebtedness (including principal and interest) remaining unpaid, shall, at the option of the holder, become immediately due, payable and collectible, and *while in default, this Note and deferred interest shall bear interest at the rate of eighteen percent (18%) ... per annum from maturity until paid* ....

(emphases added).

The fact that the note charged interest upon past-due interest in the event of default did not make the note usurious. As our sister court recognized in *North Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194 (Fla. 3d DCA 2003):

> A provision in a promissory note calling for the payment of interest on deferred or past-due interest does not make the note usurious, because computing interest upon interest supplies the place of prompt payment and indemnifies the creditor for his or her forbearance.

*Id.* at 196 (citation omitted).

Here, under the note, neither the ten percent interest rate imposed on the principal, nor the eighteen percent interest rate imposed upon the principal and past-due interest upon default, violated the civil usury statute, which provides, in pertinent part:

> [I]t shall be usury and unlawful for any person ... to ... take for any loan ... a rate of interest greater than the equivalent of 18 percent per annum simple interest, either directly or indirectly ... by any contract ... whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest.

§ 687.03(1), Fla. Stat. (2004); *see also N. Dade Church of God*, 851 So. 2d at 195-96 (interest charged on outstanding principal and past-due interest was within legal limits and not usurious).

Based on the foregoing, we affirm the circuit court's final order dismissing the borrowers' counterclaim against the lender for civil usury.

*Affirmed.*

3

CIKLIN and FORST, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***