# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1940
Lower Tribunal No. 20-8912 CC

_____

**Oxana Nazarova,**
Appellant,

vs.

**Angela Nayfeld,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Myriam Lehr, Judge.

Sunrise Law Firm, PLLC, and Anna V. Perekotiy and Philip Michael Cullen III, for appellant.

No appearance for appellee.

Before EMAS, SCALES and BOKOR, JJ.

EMAS, J.

Oxana Nazarova, plaintiff below, appeals a final judgment awarding $12,982.50 in attorney's fees to Angela Nayfeld, defendant below. Nazarova contends the trial court erred by including, in the final judgment, an award of attorney's fees for litigating the amount of attorney's fees, contrary to State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830 (Fla. 1993) and its progeny. We agree, and reverse that portion of the final judgment awarding fees for litigating the amount of attorney's fees.[1]

The billing records of defendant's attorney, upon which the trial court's order was based, included entries for work performed and time billed for litigating the amount of fees to be awarded. These are sometimes referred to as "fees for fees,"[2] and generally are not recoverable. See Palma, 629 So. 2d at 833 (holding "fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees"); N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So. 2d 194, 196 (Fla. 3d DCA 2003)) ("It is settled that in litigating over attorney's fees, a litigant may claim fees where entitlement is the issue, but may not claim attorney's fees incurred in litigating the amount of attorney's fees.")

---

[1] We find no merit in the remaining claims raised by Nazarova and affirm on those points without further discussion.

[2] See, e.g., Universal Prop. & Cas. Ins. Co., v. Celestrin, 316 So. 3d 752 (Fla. 3d DCA 2021); Oquendo v. Citizens Prop. Ins. Corp., 998 So. 2d 636 (Fla. 3d DCA 2008); Mallas v. Mallas, 326 So. 3d 704 (Fla. 4th DCA 2021).

However, if the asserted basis for the award of attorney's fees is an underlying contract, and the pertinent contract language is "broad enough to encompass fees incurred in litigating the amount of fees," a litigant may claim attorney's fees incurred in litigating the amount of attorney's fees. Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC, 88 So. 3d 386, 389 (Fla. 4th DCA 2012) (holding language of the agreement—which authorized an award of attorney's fees for "any litigation" between the parties—was "broad enough to encompass fees incurred in litigating the amount of fees"). See also Burton Family P'ship v. Luani Plaza, Inc., 276 So. 3d 920, 923 (Fla. 3d DCA 2019) (noting that "certain contractual fee provisions are sufficiently broad to warrant an exception" to the general rule prohibiting fees for fees; affirming the order on appeal because the fees were awarded pursuant to a provision that expressly authorized the recovery of fees "for litigating the issue of the amount of fees to be awarded");  Mallas v. Mallas, 326 So. 3d 704, 706 (Fla. 4th DCA 2021) ("This court has also held that an award of fees for fees is permissible in cases when a contract is broad enough to encompass such an award").

The attorney's fee provision in the instant case provides:

> Attorney's Fees. In any lawsuit brought **to enforce the Lease** or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorney's fees from the non-prevailing party.

(Emphasis added).

This contractual language is simply not broad enough to encompass recovery of fees for litigating the amount of fees to be awarded, and thus the general rule, which prohibits an award of fees for fees, is applicable. Compare Pretka v. Kolter City Plaza II Inc., No. 09-80706-CIV-MARRA, 2013 WL 12080754 at *1 (S.D. Fla. Dec. 10, 2013) (denying prevailing party's request for fees incurred in litigating the amount of fees to be awarded, noting that the contract provision, which authorized recovery of fees for "'litigation to enforce' the terms and provisions of this Agreement[] does not encompass fees on fees.")

We therefore reverse that portion of the final judgment and remand with directions to amend the final judgment by removing any attorney's fees awarded for litigating the amount of attorney's fees to be awarded. In all other respects, we affirm the final judgment.

Affirmed in part, reversed in part and remanded with directions.