WILLIAM E. CHAMBERS, APPELLANT, vs. GEORGE SAVAGE
AND EDWARD HAILE, APPELLEES.

When, before the adoption of the Code of Procedure, a cause was referred
by the Circuit Court to a practicing attorney as referee, in pursuance of
the 17th section of Art. VI of the Constitution, to be tried and deter-
mined by him; and upon a hearing of the cause upon the law and facts
he made his decision and filed the same, with a record of his proceed-
ings, in the office of the clerk of the Circuit Court in vacation, such de-
cision does not become a final judgment of the Court without further
action of the Court thereon, and an appeal cannot be taken from the de-
cision of the referee to the Supreme Court as from a final judgment.

Appeal from the Circuit Court for Alachua county.

The matters decided are fully stated in the opinion of the
court.

*Finley & Finley* for Appellant.

*J. B. Dawkins* for Appellees.

RANDALL, C. J., delivered the opinion of the court.

This is a suit commenced by appellant against appellees,
in case, for the recovery of damages sustained by the appel-
lant in consequence of the violation, by appellees, of in-
structions given them by appellant in relation to the sale of
cotton delivered to them as factors and commission mer-
chants.

The cause being at issue upon the facts pleaded, the par-
ties, on the 5th day of April, 1870, entered into a stipulation
to refer the cause to a referee " to take testimony and adju-
dicate and adjust the matters in dispute in the cause," under
the constitution and laws of this State, out of term time;
and that upon the filing with the clerk of the decision of
the referee, said decision shall be entered as a judgment and
execution issue thereon, subject to the right of appeal given

38

by law; and that the court shall fix the compensation of the referee, to be taxed as costs against the losing party.

On the next day the court made an order that the cause be referred, under the constitution and laws, to a practicing attorney as referee, "with full power and authority to exercise all the authority given or intended to be given by the constitution and laws to such referee in subpœnying witnesses and enforcing their attendance, and in receiving and ordering to be opened written depositions, and to adjudicate all questions of law and matters of fact coming before him in said cause, including postponements or continuances of said references."

The referee, after a hearing upon the testimony adduced, adjudged that the defendants were guilty, in manner and form, &c., " and that said plaintiff do recover of said defendants his damages, costs and charges in this behalf expended. Therefore, it is ordered and adjudged by said referee that the plaintiff do have and recover of the said defendants the just and full sum of three hundred and fifty dollars for his damages, and the further sum of one hundred and ninety-five dollars fees and costs of this suit, and that said defendant be in mercy," &c.

This, (together with memoranda of the testimony and proceedings,) was filed in the office of said court on the 14th June, 1870. A motion was then made before the referee, by the plaintiff, in arrest of judgment and for a new trial, which motion was heard and denied by the referee, and the plaintiff gave notice of appeal "from the final decision of the referee to the Supreme Court," and the cause is upon the docket upon a certified copy of these proceedings.

It is manifest that an appeal will lie to this court, in a suit at law, only from a final judgment of the Circuit Court, and the question presents itself whether this is a "final judgment." This report or finding of the referee has not received the sanction of the Circuit Court, nor has it been the subject of any action of that court, but is treated by the

appellant as a final judgment of the court, upon which execution may issue. The common legal idea of a "judgment" is, that it is the sentence or doom of the law pronounced by the judge of some court. This is the substance of the definition found in Bl. Comm. and in the Institutes.

The constitutional provision, under which it is supposed this cause was referred for trial, is as follows : "Any civil cause may be tried before a practicing attorney as referee, upon the application of the parties and an order from the court in whose jurisdiction the case may be, authorizing such trial and appointing such referee. Such referee shall keep a complete record of the case, including the evidence taken, and such record shall be filed with the papers in the case in the office of the clerk, and such cause shall be subject to an appeal in the manner prescribed by law." Art. VI, sec. 17.

The statute provides that if a party in the Circuit Court shall feel aggrieved by a final judgment, sentence or decree pronounced by said court, he may take his appeal to the Supreme Court. Th. Dig., 446.

The clause of the constitution relating to trials before referees, as we have seen, says that "such cause shall be subject to an appeal in the manner prescribed by law." If the decision of the referee is in substance and effect a final judgment, then an appeal may be taken from it without any further proceeding on the part of the Circuit Court.

If the provision " authorizing such trial " may be properly interpreted to include the rendering of final judgments and decrees in " civil causes," it follows that any cause at law or in equity may be finally determined by the referee without any legislation regulating the proceeding, and the decision may stand as a judgment or decree of record in the Circuit Court, and is entirely beyond the control of the court appointing the referee, even though the referee may have transgressed the boundaries of the power intrusted to him by the court.

Suits for divorce from the bond of matrimony, for the

foreclosure of mortgages, for enforcing the performance of contracts, for the recovery of real estate and the like, equally with suits to recover upon promises to pay money, are " civil causes " which may be *tried* before a referee. Is it probable, or even possible, that it was intended by this brief section of the constitution that a cause, once referred, is forever beyond the control of the court, and that the jurisdiction thereof is thus transferred to and fixed in a practicing attorney ? Or may the referee, to be appointed, be more properly deemed an officer or agent of the court, like the office of a master in chancery, or an arbitrator, (as provided by former statutes,) whose report, decision or award is subject to the final order of the court before it shall become irreversible, except by means of an appeal to the Supreme Court ?

Let it be supposed that the referee in this cause had filed a statement to the effect that he had heard the proofs of the parties, and that his decision in the case was that there was " due to the plaintiff the sum of three hundred and fifty dollars for the cause of action stated in the declaration."

This is all that he may be required to do by any law in existence. He has tried, heard and decided the matters in issue, and filed the papers with the clerk. Grant that an appeal may be taken, and that upon the appeal this court finds no error in the conclusions of the referee, and sends the case back with a judgment of affirmance. Is the decision of the referee a judgment, and if so, of what court ? Is an execution to issue upon this award, without an adjudication of *some* tribunal authorized to pronounce and enforce judgment ? What of the costs, and who shall determine the amount of costs to which the plaintiff is entitled, and how shall the costs get into the judgment ? The clerk, in vacation, is nowhere authorized to enter judgments. Is the decision of the referee a lien upon real property ? By what authority ? There is no provision of law declaring that the determination of such a referee shall be deemed a judgment

of the Circuit Court, and in the absence of such legislation we are unwilling to so consider it.

The report of a referee may more properly be deemed a finding upon the law and facts submitted to him, for the information of the court appointing him; and upon such report the court may properly act as upon the verdict of a jury, or an award of arbitrators, and pronounce judgment; or upon a review of the proceedings set aside or modify it, or order a re-trial, as the law of the case may seem to require.

Taking this view of the matter, it is considered that there is not such a judgment in this case as can be "subject to appeal in the manner prescribed by law," and therefore this appeal should be dismissed.

These suggestions have no reference to the provisions of the "Code of Procedure," this cause having been referred and a hearing had before the code took effect.