552 So.2d 292 (1989)
SOUTHEAST BANK, N.A., As Personal Representative of the Estate of Jeanne P. Bissmeyer, Deceased, Roger J. Bissmeyer, Individually and As Guardian of James A. Bissmeyer, Claire B. Tiberio, and Carol B. Graham, Appellants,
v.
DAVID A. STEVES, P.A., a Florida Professional Corporation, Dinsmore & Shohl, an Ohio Professional Corporation, and Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson and Casey, a Professional Corporation, Appellees.
No. 89-00210.
District Court of Appeal of Florida, Second District.
November 15, 1989.
Eugene O. George of Burket, Smith, Bowman & George, Sarasota, for appellant, Southeast Bank, N.A.
*293 Barry F. Spivey of Dart, Ford, Strelec & Spivey, P.A., Sarasota, for appellants, Roger J. Bissmeyer, Claire B. Tiberio and Carol B. Graham.
David A. Steves of Bennett & Steves, Sarasota, pro se.
Nancy A. Lawson of Dinsmore & Shohl, Cincinnati, Ohio, for appellee, Dinsmore & Shohl.
PARKER, Judge.
Southeast Bank, N.A., as personal representative of the estate of Jeanne P. Bissmeyer, decedent, and Roger Bissmeyer, individually, and as guardian of three children of the decedent, appeal from a final order awarding attorneys' fees to the appellees pursuant to Florida Probate Rule 5.100.
Because this court was not furnished with a transcript of the hearing which generated the order being challenged in this appeal, appellants have failed to demonstrate a basis for reversal in the record, and we must affirm therefor. As this court recently stated in In re Guardianship of Georgina H. Read No. 89-00174 (Fla. 2d DCA Oct. 27, 1989) [14 F.L.W. 2518]:
In appellate proceedings, the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). Mr. Read did not meet this burden. The hearing was not reported by a court reporter, and the appellant did not attempt to furnish us with a stipulated statement of facts as a permissible substitute for a transcript of the evidence. Fla.R.App.P. 9.200(b)(4). Where there is no record of the testimony of witnesses or of evidentiary rulings and where a statement of the record has not been prepared, a judgment which is not fundamentally erroneous on its face must be affirmed. [Citations deleted.]
Slip op. at p. 4.
While Florida Rule of Appellate Procedure 9.200(f)(2) does provide that "[i]f the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record," that rule is inapplicable under the circumstances of this case where there is a complete lack of a transcript of the record below or of a statement of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). See Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987).
Affirmed.
SCHEB, A.C.J., and RYDER, J., concur.