583 So.2d 734 (1991)
GILTEX CORPORATION, a Delaware corporation, Appellant,
v.
Raymond DIEHL, Jr., Appellee.
No. 90-2793.
District Court of Appeal of Florida, First District.
July 23, 1991.
Rehearing Denied August 28, 1991.
*735 Forrest K. Clinard of Young, van Assenderp, Varnadoe & Benton, P.A., Tallahassee, for appellant.
Carl R. Pennington, Jr. of Pennington, Wilkinson, Dunlap, Bateman and Camp, P.A., Tallahassee, for appellee.
SMITH, Judge.
Appellant, Giltex Corporation, was previously successful in demonstrating its entitlement to an attorney's fee as the prevailing party in a contract dispute involving the sale and purchase of real estate.[1] Upon remand, the trial court awarded a fee of $6500  $4,500 for services rendered in the trial court and $2,000 for services rendered in the appeal. However, the trial court's order fails to set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, contrary to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985). We reverse.
On appeal, appellee, Raymond Diehl, Jr., contends this court should not reach the question of the applicability of Rowe, because there is no transcript of the attorney's fee hearing below and the lack of a transcript constitutes an insufficient record which precludes appellate review. Clayton v. Clayton, 442 So.2d 310 (Fla. 1st DCA 1983) (decision of trial court has the presumption of correctness and appellant has burden to demonstrate error  lack of a trial transcript or a proper substitute is a fatal flaw in appellant's case). Next, Diehl contends that Rowe does not apply to a contract dispute like the one involved in this case. Stabinski, Funt & De Oliveira, P.A. v. Alvarez, 490 So.2d 159 (Fla. 3d DCA 1986). Finally, Diehl contends that Giltex's acceptance of a cashier's check for $6500, subsequent to filing its notice of appeal, constitutes an acceptance of the benefits of the trial court's final order and Giltex is estopped to seek reversal of that order on appeal. McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567 (Fla. 1933). We reject each of appellee's arguments.
Rowe requires the trial court in determining the proper amount of attorney's fees to set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors. If the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction. Rowe, 472 So.2d at 1151. Rowe applies to this award of fees based upon a contract. Boyette v. Martha White Foods, Inc., 528 So.2d 539 n. 1 (Fla. 1st DCA 1988). In Boyette, this court rejected the reasoning of Stabinski, upon which appellee relies. While the lack of a transcript or stipulated statement might otherwise require affirmance, this rule is not applicable in this case because the trial court's order is fundamentally erroneous on its face for failure to make the express findings required by Rowe. Southeast Bank, N.A. v. *736 David A. Steves, P.A., 552 So.2d 292, 293 (Fla. 2d DCA 1989).
Appellee's further contention, that the acceptance by appellant of the benefits of the judgment requires affirmance, was rejected by this court when it denied appellee's motion to dismiss, filed before consideration of this appeal on the merits. The general rule that a party is estopped to seek reversal of a judgment, where the party recovering judgment or decree accepts the benefits thereof, does not apply when the amount found in favor of the litigant by the judgment or decree is due him in any event  when there is no controversy over his right to receive and retain it  so that the only question to be determined by the appellate court is whether he is or is not entitled to a greater or additional sum. McMullen, 146 So. at 569 (Fla. 1933).
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, C.J., and BARFIELD, J., concur.
NOTES
[1] Giltex Corp. v. Diehl, 544 So.2d 302 (Fla. 1st DCA 1989).