891 So.2d 1063 (2004)
Thomas C. BARATTA, Jr., Appellant,
v.
VALLEY OAK HOMEOWNERS' ASSOCIATION AT THE VINEYARDS, INC., a Florida nonprofit corporation, Appellee.
No. 2D04-1917.
District Court of Appeal of Florida, Second District.
November 19, 2004.
*1064 Thomas C. Baratta, Jr., pro se.
Alfred F. Gal, Jr., of Samouce, Murrell & Gal, P.A., Naples, for Appellee.
VILLANTI, Judge.
Thomas C. Baratta, Jr., appeals an award of attorney's fees that followed the dismissal of his lawsuit against Valley Oak Homeowners' Association at the Vineyards, Inc. (Valley Oak). We affirm the court's finding that Valley Oak was entitled to attorney's fees as the prevailing party in the litigation below. However, we reverse the amount of attorney's fees awarded because the court failed to set forth findings explaining how it reached the amount.
Valley Oak wanted to have black-painted, cast aluminum signposts and matching mailboxes lining the streets of the subdivision. Valley Oak suggested that the new black mailboxes and matching signposts would enhance property values and promote community pride, while the white mailboxes showed dirt easily, appeared to be outdated, lacked "curb appeal," and were not harmonious with the landscape. Baratta, who was perfectly satisfied with his mailbox, filed a complaint for temporary and permanent injunction against Valley Oak[1] to prevent it from assessing $460 for the new mailboxes and signposts to each community member without the required vote. Baratta succeeded in getting a temporary injunction against Valley Oak. However, after there had been no record activity for a period of one year, Valley Oak filed its "Motion to Dismiss for Lack of Prosecution and to Dissolve Temporary Injunction." In this motion, Valley Oak requested attorney's fees, citing section 718.303, Florida Statutes (2003), and section 11.6 of the "Declaration of Covenants, Conditions and Restrictions for Valley Oak at the Vineyards," which provided for attorney's fees for the prevailing party in any legal proceeding.
The court dissolved the temporary injunction and dismissed Baratta's action for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). Within thirty days, Valley Oak moved for attorney's fees as a prevailing party. The court found that Valley Oak was the prevailing party for purposes of attorney's fees and granted fees in the amount of $6821.25. Baratta appealed the order, disputing both the entitlement and the amount granted.
We find that Valley Oak was entitled to attorney's fees because it was the *1065 prevailing party and properly claimed attorney's fees. Chapter 720, Florida Statutes, deals with homeowners' associations. It provides legal redress against the association, members, directors, and officers for failure to comply with statutes, association documents, or community rules. Prevailing parties in the litigation are entitled to recover attorney's fees under section 720.305, Florida Statutes (2002). Valley Oak became the prevailing party when Baratta's claim was dismissed for failure to prosecute.[2]See Norland v. Villages at Country Creek Master Ass'n, 851 So.2d 770, 771 (Fla. 2d DCA 2003) (holding that a defendant homeowners' association was the prevailing party for purposes of attorney's fees when a plaintiff homeowner's action was dismissed for failure to prosecute).[3]
Valley Oak, as the prevailing party, properly claimed attorney's fees. It satisfied the requirements of Florida Rule of Civil Procedure 1.525 by filing a claim for attorney's fees within thirty days of the circuit court's order dismissing Baratta's action and dissolving the temporary injunction. Valley Oak also satisfied the pleading requirements of Stockman v. Downs, 573 So.2d 835 (Fla.1991), by requesting attorney's fees in its pre-answer motion to dismiss.
As for the amount of fees awarded, the trial court failed to make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). See also Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938 (Fla. 4th DCA 1997) (stating that Rowe findings are mandatory). We therefore find the trial court's "Final Judgment for Attorneys Fees and Costs" fundamentally erroneous on its face.[4]See Bayer v. Global Renaissance *1066 Arts, Inc., 869 So.2d 1232 (Fla. 2d DCA 2004) (citing Giltex Corp. v. Diehl, 583 So.2d 734 (Fla. 1st DCA 1991)).
We affirm the trial court's finding that Valley Oak was entitled to attorney's fees. We reverse the amount of attorney's fees awarded and remand for the court to make findings explaining how $6821.25 in fees was reasonable for a case involving a total of thirty minutes in the courtroom and a year of no record activity.
Affirmed in part; reversed in part.
FULMER and SILBERMAN, JJ., Concur.
NOTES
[1] Baratta's original complaint was filed against Valley Oak, its individual directors, and Newell Property Management Corporation. However, this appeal pertains only to Valley Oak.
[2] We are not unsympathetic to Baratta's contention that he should be deemed the prevailing party because he succeeded in getting the relief he requested, a temporary injunction. However, Baratta still had a claim for permanent injunction pending in the court. Although he won the battle at the temporary injunction hearing, he lost the war when his case was involuntarily dismissed after a year of no record activity and his temporary injunction was dissolved. After his initial victory at the temporary injunction hearing, Baratta should have filed a motion for default judgment when Valley Oak failed to file an answer. Because Baratta instead opted to do nothing, Valley Oak was able to file its motion to dismiss for lack of prosecution.
[3] Baratta argues that the trial court had the discretion to determine that neither party prevailed under KCIN, Inc. v. Canpro Investments., Ltd., 675 So.2d 222 (Fla. 2d DCA 1996), and its progeny. In KCIN, this court recognized:

A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract. The rule is especially inequitable in the ever increasing number of cases in which the attorney's fees far exceed the claims for damages arising from the contract. Therefore ... an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees.
Id. at 223. A trial court is not required to designate a prevailing party for purposes of attorney's fees pursuant to a contract when both parties contributed to the failure of the contract or when the parties "fought to a draw; no one won and no one lost." Merchs. Bonding Co. v. City of Melbourne, 832 So.2d 184, 186 (Fla. 5th DCA 2002); see also KCIN, Inc., 675 So.2d 222. However, the trial court here did not abuse its discretion in designating Valley Oak the prevailing party, when it succeeded in involuntarily dismissing Baratta's claim.
[4] Because the order for attorney's fees is fundamentally erroneous on its face, Baratta's failure to include a transcript of the fee hearing does not preclude appellate review. Bayer v. Global Renaissance Arts, Inc., 869 So.2d 1232, 1232 (Fla. 2d DCA 2004).