974 So.2d 600 (2008)
Jean MARKOVICH, Appellant,
v.
Bridgette MARKOVICH, Appellee.
No. 2D06-4434.
District Court of Appeal of Florida, Second District.
February 22, 2008.
Jean Marie Henne, Winter Haven, for Appellant.
Sara-Jean Palmer of The Sutton Law Firm, Bartow, for Appellee.
PER CURIAM.
Jean Markovich, the former husband, challenges the trial court's final order of dissolution of marriage in which the trial court awarded bridge-the-gap alimony and attorney fees to the former wife, Bridgette Markovich. We reverse the award of attorney's fees but affirm the trial court's order in all other respects.
With regard to the award of attorney's fees, the trial court's final judgment *601 contains no indication of the hours worked by the former wife's attorney or the hourly rate accompanied by the trial court's determination of the reasonableness of the hours worked and the rate charged. The former husband's motion for rehearing in which he raised this error was denied. Absent specific written findings regarding the basis for determination of the amount awarded, we are compelled to reverse and remand for further proceedings. See Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985); Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004).
The former husband also argues that the alimony award was not supported by specific findings and that the trial court failed to make findings with regard to the valuation of the couple's marital assets and debts. The former husband has provided no transcript of the proceedings. In the absence of a transcript, the former husband cannot overcome the presumption of correctness of the trial court's determinations. See Esaw v. Esaw, 965 So.2d 1261, 1264-65 (Fla. 2d DCA 2007) (holding that the lack of findings supporting an alimony award and equitable distribution of marital property was not reversible error where the appellant failed to provide a transcript of the hearing or an acceptable substitute).
Accordingly, we reverse the trial court's order of dissolution of marriage solely with respect to the award of attorney's fees and remand for a new hearing so that the trial court may set forth specific findings as to the reasonableness of the hours expended and the hourly rate, as required by Rowe. The trial court's final order of dissolution of marriage is affirmed in all other respects.
Affirmed in part; reversed in part.
ALTENBERND and DAVIS, JJ., and GALLEN, THOMAS M., Associate Senior Judge, Concur.