CANADY, CHARLES T„ Associate Judge.
Dmytro Voronin, the former husband, appeals an order awarding Olena Voroni-na, the former wife, attorney’s fees in a dissolution of marriage proceeding. The former husband raises three issues, two of which we reject without further comment. For his third issue, the former husband argues that the trial court’s order is flawed by the absence of findings concerning the basis for the amount of the attorney’s fee award. On this point, we accept the former husband’s argument.
The trial court’s written order awarding attorney’s fees to the former wife found that “a fair contribution amount due from [the former husband] to [the former wife] in attorney’s fees is $10,-000[.]00.” The trial court found that the former husband “shall take one-half of that amount as a credit” based on $5000 already paid to the former wife. The trial court ordered the former husband to pay an additional $5000 towards the former wife’s attorney’s fees. The order did not contain specific findings as to the reasonable hourly rate or the reasonable number of hours expended. (At the hearing on the former wife’s motion, the court had stated that $150 was a reasonable hourly rate but made no finding concerning the reasonable amount of time expended.)
“[I]n making an attorney’s fee award in a dissolution proceeding, the trial court must determine the proper amount of fees by considering the hourly rate, the number of hours reasonably expended in the case, and setting forth specific findings as to these factors as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).” Beck v. Beck, 852 So.2d 934, 938 (Fla. 2d DCA 2003). The former husband correctly argues that the trial court’s order should be reversed because it does not contain the findings required by Rowe. Even though the former husband did not preserve the issue for appeal by raising it below, an order which fails to set forth the specific findings required by Rowe is fundamentally erroneous on its face. See, e.g., Parton v. Palomino Lakes Prop. Owners Ass’n, 928 So.2d 449 (Fla. 2d DCA 2006); Baratta v. Valley Oak Homeoumers’ Ass’n at the Vineyards, 891 So.2d 1063 (Fla. 2d DCA 2004); Giltex Corp. v. Diehl, 583 So.2d 734 (Fla. 1st DCA 1991). Therefore, we reverse and remand for the trial court to make the findings required by Rowe to support the award of attorney’s fees.
Reversed and remanded.
ALTENBERND and VILLANTI, JJ., Concur.