PER CURIAM.
 

 Caroline Peacock appeals an adverse final judgment for $272,499.33 entered in favor of Myron L. Ace and M.L. Ace, Inc. (collectively, Ace). The final judgment is erroneous on its face because it includes an award of $181,019.41 for accelerated rent to which Ace was not entitled.
 
 [1]
 

 See Grove Rest. & Bar, Inc. v. Razook,
 
 571 So.2d 596, 597 (Fla. 2d DCA 1990);
 
 Coast Fed. Sav. & Loan Ass’n v. DeLoach,
 
 362 So.2d 982, 984 (Fla. 2d DCA 1978). Accordingly, we reverse the final judgment and remand for the entry of a new judgment that correctly calculates Ace’s damages.
 

 Ms. Peacock also argues that the final judgment’s award of attorney’s fees in favor of Ace is fundamentally erroneous on its face because it does not contain specific findings concerning the number of hours reasonably expended and the reasonableness of the attorney’s hourly rate.
 
 See Markovich v. Markovich,
 
 974 So.2d 600, 601 (Fla. 2d DCA 2008). We note that the record lacks a transcript of the final hearing or an approved statement of the proceedings as authorized by Florida Rule of Appellate Procedure 9.200(b)(4). “Even so, this court previously has determined that the absence of the required findings in the written order renders the order fundamentally erroneous on its face and that the lack of transcript ‘does not preclude appellate review.’ ”
 
 Harris v. McKinney,
 
 20 So.3d 400, 403 (Fla. 2d DCA 2009) (quoting
 
 Baratta v. Valley Oak Homeowners’ Ass’n at the Vineyards,
 
 891 So.2d 1063, 1065 n. 4 (Fla. 2d DCA 2004)). Therefore, on remand, the circuit court must make the necessary written findings in accordance with
 
 Florida Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985).
 

 Here, as we did in
 
 Harris,
 
 we certify the following question to be one of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
 

 IS AN ORDER AWARDING ATTORNEY’S FEES PURSUANT TO
 
 FLORIDA PATIENT’S COMPENSATION FUND V. ROWE,
 
 472 So.2d 1145 (Fla.1985), THAT LACKS THE REQUIRED FINDINGS REGARDING THE NUMBER OF HOURS REASONABLY EXPENDED AND THE REASONABLENESS OF THE HOURLY RATE CHARGED FUNDAMENTALLY ERRONEOUS ON ITS FACE, THUS REQUIRING REVERSAL, EVEN WHEN THE APPELLATE RECORD DOES NOT INCLUDE A TRANSCRIPT OR APPROVED STATEMENT OF THE PROCEEDINGS BELOW?
 

 Reversed; question certified.
 

 VTLLANTI, WALLACE, and LaROSE, JJ., Concur.
 

 [1]
 

 . Although we do not have a transcript of the final hearing or a statement of the proceedings, the "DAMAGES SUMMARY” placed in evidence by Ace at the final hearing included a figure of $181,019.41 for rent owed by Ace to the previous lessor. This figure was reduced to present value. In light of the "DAMAGES SUMMARY,” the conclusion that the final judgment includes accelerated rent to which Ace was not entitled under any theory is inescapable. “An appellate court will reverse, even in the absence of a transcript, where an error of law is apparent on the face of the judgment.”
 
 Henderson v. Henderson,
 
 905 So.2d. 901, 903 (Fla. 2d DCA 2005) (citing
 
 Chirino v. Chirino,
 
 710 So.2d 696 (Fla. 2d DCA 1998)).