29 So.3d 434 (2010)
Henry D. MACARTY, Jr., Appellant,
v.
Melody D. MACARTY, Appellee.
No. 2D09-2918.
District Court of Appeal of Florida, Second District.
March 10, 2010.
Kenneth K. Thompson of Kenneth K. Thompson, P.A., Lehigh Acres, for Appellant.
Mary C. Evans of Fried & Fried, P.A., Fort Myers, for Appellee.
CRENSHAW, Judge.
Henry D. Macarty, Jr. (the Husband), appeals the trial court's nonfinal order awarding temporary support and attorney's fees to Melody D. Macarty (the Wife). The trial court ordered the Husband to pay the Wife $5000 for moving expenses, $1510 per month for temporary support, and $5000 for attorney's fees. We affirm the trial court's award of temporary support because the absence of a transcript prevents the Husband from demonstrating reversible error. Because the portion of the order awarding attorney's fees is facially erroneous, we reverse the award of attorney's fees and remand for further proceedings.
*435 The record before this court does not include a transcript of the hearing on the Wife's motion for temporary relief. "Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Because we cannot provide a meaningful review of the trial court's order awarding temporary relief to the Wife, we affirm that award.
However, we reverse the award of attorney's fees to the Wife because the portion of the order awarding attorney's fees is facially erroneous. "[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings." Esaw v. Esaw, 965 So.2d 1261, 1265 (Fla. 2d DCA 2007). Accordingly, we remand for the trial court to make the necessary written findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). See Markovich v. Markovich, 974 So.2d 600, 601 (Fla. 2d DCA 2008); Giltex Corp. v. Diehl, 583 So.2d 734, 735 (Fla. 1st DCA 1991).
We certify the following question to be one of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), as this court did in Harris v. McKinney, 20 So.3d 400, 404 (Fla. 2d DCA 2009), and Peacock v. Ace, 24 So.3d 750, (Fla. 2d DCA 2009):
IS AN ORDER AWARDING ATTORNEY'S FEES PURSUANT TO FLORIDA PATIENT'S COMPENSATION FUND V. ROWE, 472 So.2d 1145 (Fla.1985), THAT LACKS THE REQUIRED FINDINGS REGARDING THE NUMBER OF HOURS REASONABLY EXPENDED AND THE REASONABLENESS OF THE HOURLY RATE CHARGED FUNDAMENTALLY ERRONEOUS ON ITS FACE, THUS REQUIRING REVERSAL, EVEN WHEN THE APPELLATE RECORD DOES NOT INCLUDE A TRANSCRIPT OR APPROVED STATEMENT OF THE PROCEEDINGS BELOW?
Affirmed in part, reversed in part, remanded with directions, and question certified.
DAVIS and KELLY, JJ., Concur.