CRENSHAW, Judge.
Thomas A. Lee (the Former Husband) and Karen L. Lee (the Former Wife) appeal a final judgment of dissolution of marriage. The Former Husband also appeals a supplemental judgment awarding attorney’s fees and costs to the Former Wife. Because of several deficiencies in the final judgment, we affirm the dissolution of marriage but reverse and remand the remainder of the judgments for further findings and clarification.
Section 61.075, Florida Statutes (2008), sets forth the requirements for equitable distribution of marital assets and liabilities. The trial court is first required to “set apart to each spouse that spouse’s nonmarital assets and liabilities.” § 61.075(1), Fla. Stat. Then, when distributing the marital assets and liabilities between the parties, the court “must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors.” Id. Should the trial court determine that an unequal distribution is warranted, the trial court must articulate the specific findings of fact that justify the unequal distribution. See Franklin v. Franklin, 988 So.2d 125, 126 (Fla. 2d DCA 2008) (“An appellate court must reverse an unequal distribution if the trial court fails to make a specific finding of fact that justifies the unequal distribution.”); Pavese v. Pavese, 932 So.2d 1269, 1270 (Fla. 2d DCA 2006) (concluding that the failure to make specific written findings of fact that “identify, classify, value, and distribute the parties’ assets and liabilities” in fashioning an equitable distribution precludes meaningful appellate review); Feger v. Feger, 850 So.2d 611, 616 (Fla. 2d DCA 2003) (concluding “that the major deficiency in the final judgment is the court’s failure to articulate a specific factual and statutory basis for the uneven equitable distribution award, rendering appellate review impossible”).
Here the final judgment fails to specifically delineate nonmarital and marital property. Instead, the equitable distribution section of the judgment lumps together nonmarital and marital property, and not all assets are assigned a value. Notwithstanding this deficiency, the trial court acknowledges an unequal distribution scheme:
[The distribution] will put the Wife in the exact same financial situation she was in prior to this short term marriage and although the Husband will be in a much worse financial position than he was prior to the marriage, the court believes this is equitable under the circumstances.
And despite the trial court’s conclusion that the distribution is “equitable under the circumstances,” the trial court fails to indicate the circumstances justifying an uneven distribution. On remand the trial court shall make the appropriate findings consistent with section 61.075 and articulate a basis for the unequal distribution of marital assets.
We also find an inherent conflict between the trial court’s conclusion that the Former Husband “did not intend to make a gift to the Wife of the Deal Road property, the pre-marital CD’s, or the Avila Circle condominium,” and the trial court’s treatment of these assets as marital property. The trial court concludes “that the Husband’s actions transformed the premarital assets into marital assets,” but the trial court fails to explain the facts upon which it relies in reaching this conclusion. On remand the trial court shall clarify these findings.
*821 We also reverse and remand the award of attorney’s fees to the Former Wife. After clarifying the equitable distribution scheme, the trial court will need to determine the parties’ relative need and ability to pay in accordance with section 61.16.
Because the cumulative deficiencies of the final judgment of dissolution preclude this court from giving the judgment meaningful review, we are compelled to affirm the dissolution of marriage but reverse and remand the remainder of the judgments for further findings and clarification in accordance with the statutes and case law cited herein.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT and LaROSE, JJ., Concur.