NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUSTINE FREZZA,           )
                             )
        Appellant,      )
                             )
v.                        )      Case No. 2D16-1123
                             )
DANIEL L. FREZZA,     )
                             )
        Appellee.      )
                             )

Opinion filed April 19, 2017.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

James E. Moon of Quintairos, Prieto, Wood
& Boyer, P.A., for Appellant.

Daniel L. Frezza, pro se.

BLACK, Judge.

        Justine Frezza (former wife) challenges the final judgment of dissolution of

marriage, raising several issues on appeal. Because there are no transcripts of the

proceedings below and the former wife failed to submit a statement of the evidence, we

affirm. Due to an apparent conflict in the attorney's fees provisions in the final

judgment, however, we remand for clarification or correction.

"The appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is 'usually fatal' to the appellant's claims." Esaw v. Esaw, 965 So. 2d 1261, 1264-65 (Fla. 2d DCA 2007) (quoting Casella v. Casella, 569 So. 2d 848, 849 (Fla. 4th DCA 1990)).  In the absence of a record of the lower court proceedings, this court is precluded from reviewing the factual or legal basis for the trial court's decisions regarding the tax refund, water bills, boat loan, past medical and child care expenses, and parental responsibility and decision making.  See Jericka v. Jericka, 198 So. 3d 661, 662-63 (Fla. 2d DCA 2015).  "[W]e will only reverse where the error appears on the face of the judgment."  See Cranney v. Cranney, 206 So. 3d 162, 164 (Fla. 2d DCA 2016).  Having determined that there are no so such errors, we affirm these issues.  Cf. id. at 165 (holding that the final judgment of dissolution was facially erroneous warranting reversal even in the absence of a transcript where the trial court awarded one party ultimate decision-making authority despite making a specific finding in the judgment that "both parties were capable of parenting the children").

Regarding the award of attorney's fees, paragraph 13 of the final judgment includes a finding that the former husband was entitled to recover his attorney's fees from the former wife for causing unnecessary litigation:

> [The former husband] is claiming attorney fees due to unnecessary litigation caused by [the former wife].  This case initially went to trial on October 15, 2015[,] during which the parties announced they had reached complete agreement.  [The former husband's] attorney drafted a proposed judgment which [the former wife] refused to agree to.[1]  As a result, the trial had to be reset.  [The former

---

[1]The former wife asserts on appeal that she did not agree to the former husband's proposed final judgment because it contained errors.  The most notable error, according to the former wife, was in regard to the number of overnights the former husband claimed to spend with the parties' minor children each year which in turn

husband] is entitled to recover his attorney fees incurred as a result of [the former wife's] actions.  The amount of seven hours of attorney time at $300.00 per hour is reasonable.

The former wife contends that the trial court erred in awarding the former husband $2100 in attorney's fees without considering the parties' financial positions, the former husband's need for fees, and the former wife's ability to pay fees.  See § 61.16(1), Fla. Stat. (2014); Arena v. Arena, 103 So. 3d 1044, 1045-46 (Fla. 2d DCA 2013) (citing Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997)).  While an award of attorney's fees in a dissolution proceeding pursuant to section 61.16 and Rosen requires specific findings of fact to support the trial court's entitlement determination, such findings may be made in the written final judgment *or* at the hearing.  See Arena, 103 So. 3d at 1046; Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012).  In the absence of a hearing transcript, we cannot say that the trial court erred in this regard.

The former wife also asserts that the trial court's findings as to the amount of the attorney's fees awarded are insufficient under Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985).  She claims that the final judgment "simply indicates that the amounts are reasonable."  See Keeley v. Keeley, 899 So. 2d 387, 389 (Fla. 2d DCA 2005) (holding that the final judgment of dissolution directing the

---

affected the former husband's child support arrearages.  The former wife argues that the former husband indicated in the proposed final judgment that he spends 156 overnights with the children despite allegedly claiming in a previous filing that he spends 104 overnights with the children.  The former wife referenced this previous filing—a child support guidelines worksheet filed on August 6, 2015—repeatedly throughout the initial brief in support of her assertion that the former husband's proposed final judgment contradicted his prior claim regarding overnights with the children.  However, it was the former wife not the former husband who filed the child support guidelines worksheet at issue.

former husband to pay the former wife's attorney's fees and costs was insufficient under Rowe because it stated simply that the total amounts "are reasonable time spent and hourly rates"). "[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings." Esaw, 965 So. 2d at 1265; accord Voronin v. Voronina, 995 So. 2d 1049, 1050 (Fla. 2d DCA 2008) ("[A]n order which fails to set forth the specific findings required by Rowe is fundamentally erroneous on its face."). Contrary to the former wife's assertion, the trial court did comply with Rowe as it made specific findings as to the reasonable number of hours of "attorney time" expended and the reasonable hourly rate for the "attorney time." See Beck v. Beck, 852 So. 2d 934, 938 (Fla. 2d DCA 2003) (holding that Rowe requires the trial court, in determining the amount of attorney's fees to award, to make specific findings as to "the hourly rate [and] number of hours reasonably expended in the case").

While the former wife's contentions regarding paragraph 13 of the final judgment are unavailing, we do recognize an apparent conflict between paragraph 13 and a second attorney's fees provision found in the final judgment. Paragraph E of the final judgment provides that "[e]ach party shall pay their own attorney's fees." In response to the former wife's assertions of error as to paragraph 13 of the final judgment, the former husband cites paragraph E and argues that the trial court ordered the parties to pay their own attorney's fees. Based on the limited record before us it is not clear whether one of the attorney's fees provisions in the final judgment controls such that the other was included in error or whether the trial court meant for them to be read together such that the former wife would be responsible for the fees incurred by

- 4 -

the former husband following her refusal to agree to the former husband's proposed judgment.  Therefore, the attorney's fees provisions need to be clarified or corrected on remand.  Cf. O'Connor v. O'Connor, 184 So. 3d 1149, 1149 (Fla. 2d DCA 2015) (affirming final judgment of dissolution but remanding for correction of scrivener's error); Lee v. Lee, 56 So. 3d 819, 820 (Fla. 2d DCA 2011) (remanding for clarification of inherent conflict in the trial court's treatment of certain assets in the equitable distribution); Wagner v. Wagner, 61 So. 3d 1141, 1143 (Fla. 1st DCA 2011) (remanding "to the trial court for clarification of whether it intended to provide an unequal distribution of [the] property").

Accordingly, we affirm the dissolution of marriage but remand for the clarification or correction of the attorney's fees award.

Affirmed; remanded with instructions.

SALARIO and ROTHSTEIN-YOUAKIM, JJ., Concur.