# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1858
Lower Tribunal No. 2021DR-002394-0000-00

_____

WILLIAM A. JULIA,

Appellant,

v.

MELISSA RAMOS-BAEZ,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Kelly P. Butz, Judge.

August 23, 2024

MIZE, J.

Appellant, William A. Julia ("Former Husband"), appeals the final judgment entered in his dissolution of marriage proceeding with Appellee, Melissa Ramos-Baez ("Former Wife"). As set forth below, we affirm the final judgment. Additionally, pursuant to Article V, Section 3(b)(4) of the Florida Constitution, we certify this decision to be in direct conflict with decisions of four of our sister courts.

## Background and Procedural History

The parties were married in 2012.  In the proceedings below, Former Husband filed a petition for dissolution of marriage.  Former Wife responded with an answer and counter-petition for dissolution of marriage.  A trial took place for which the parties have not provided a transcript or an acceptable substitute.  After the trial, the trial court entered a final judgment of dissolution of marriage which, among other things, awarded Former Wife attorneys' fees pursuant to Section 61.16, Florida Statutes.  On appeal, Former Husband argues that the trial court erred by failing to make specific findings of fact in the final judgment regarding the reasonable hourly rates for Former Wife's attorneys and regarding the reasonable number of hours expended by them in representing Former Wife.[1]

## Analysis

Our sister courts have held that when awarding attorneys' fees under Section 61.16, Florida Statutes, a trial court must make specific findings regarding one party's need for attorneys' fees and the other party's ability to pay attorneys' fees. *See, e.g., Haslauer v. Haslauer*, 381 So. 3d 662, 667 (Fla. 1st DCA 2024); *Bolliger v. Fries*, 310 So. 3d 1010, 1011 (Fla. 2d DCA 2020); *Barber v. Goodwin*, 880 So. 2d 712, 713 (Fla. 2d DCA 2004); *Sumlar v. Sumlar*, 827 So. 2d 1079, 1084 (Fla. 1st

---

[1] Former Husband raises multiple other issues, none of which merit discussion.

2

DCA 2002). However, a party cannot appeal an order awarding attorneys' fees on the ground that it lacks such findings without providing the transcript of the hearing or trial at which the award of fees was determined. *R.M.A. v. J.A.S.*, 269 So. 3d 649, 651 (Fla. 2d DCA 2019); *Frezza v. Frezza*, 216 So. 3d 758, 760 (Fla. 2d DCA 2017); *see also Fichtel v. Fichtel*, 141 So. 3d 593, 596 (Fla. 4th DCA 2014) (stating that the findings required to support an award of attorneys' fees under Section 61.16 may be made at the hearing (quoting *Arena v. Arena*, 103 So. 3d 1044, 1046 (Fla. 2d DCA 2013))).

The reason for this rule is straightforward. "The decision of the trial court comes to an appellate court clothed in a presumption of correctness and the burden is on the appellant to demonstrate reversible error." *Klette v. Klette*, 785 So. 2d 562, 563 (Fla. 1st DCA 2001) (citing *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979)). An appellant cannot overcome this presumption and demonstrate that the trial court failed to make the required findings without providing a transcript that demonstrates that the findings were in fact not made.

The rule that a trial court's failure to make factual findings concerning an award of attorney's fees cannot be appealed without a transcript also implements Section 59.041, Florida Statutes, which provides:

3

No judgment shall be set aside or reversed . . . in any cause, civil[2] or criminal . . . for error as to any matter of . . . procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.

*See also Esaw v. Esaw*, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007) (discussing the applicability of Section 59.041 in a related context). Without the transcript of the relevant proceeding, an appellate court cannot conduct "an examination of the entire case" to determine whether the trial court actually failed to make the required findings. There can be no miscarriage of justice resulting from a lack of required findings if the trial court in fact made the required findings at the relevant hearing or trial. *Harris v. McKinney*, 20 So. 3d 400, 407 (Fla. 2d DCA 2009) (Davis, J., concurring) (discussing the application of Section 59.041 to awards of attorneys' fees and stating, "There simply is no way for the appellate court to know what evidence was presented below or what findings the trial court may or may not have made on the record. Without providing a transcript or an appropriate substitute, an appellant cannot demonstrate a miscarriage of justice.").

At least four of our sister courts have imposed a different rule for the findings a trial court must make to support an award of attorneys' fees pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). Specifically,

---

[2] Family law proceedings are a subset of civil proceedings. *See Barron v. Fla. Freedom Newspapers, Inc.*, 531 So. 2d 113, 119 (Fla. 1988); *Chambers v. Savage*, 13 Fla. 585, 587-88 (1869).

4

*Rowe* mandates that a trial court granting an award of attorneys' fees must make specific findings regarding the reasonable hourly rates for and the reasonable number of hours expended by the relevant attorneys, as well as regarding the appropriateness of any applicable reduction or enhancement factors. *Id*. at 1151-52. *Rowe* does not specify that these factors must be in writing. *Merriman v. Adler*, 338 So. 3d 1084, 1087 (Fla. 5th DCA 2022) (Sasso, J., concurring) ("*Rowe* requires the trial court to make findings but does not specify those findings must be in writing."); *Harris*, 20 So. 3d at 407 (Davis, J., concurring) ("*Rowe* does require the trial court to make certain findings but does not require that the findings be in writing . . . .). Nevertheless, four of our sister courts have held that *Rowe* findings must be made in writing and that, therefore, a trial court's failure to make such written findings in an order awarding attorneys' fees renders the order erroneous on its face and subject to reversal, even without the availability of a transcript of the relevant hearing or trial at which the issue of attorneys' fees was determined. *See Merriman*, 338 So. 3d at 1085-86; *Duke v. Duke*, 211 So. 3d 1078, 1081 (Fla. 5th DCA 2017); *Guardianship of Halpert v. Rosenbloom*, 698 So. 2d 938, 939-40 (Fla. 4th DCA 1997); *R.M.A.*, 269 So. 3d at 652; *Frezza*, 216 So. 3d at 760; *Jacobs v. Jacques*, 310 So. 3d 1018, 1022 (Fla. 2d DCA 2020); *Ivanovich v. Valladarez*, 190 So. 3d 1144, 1148 (Fla. 2d DCA 2016); *Macarty v. Macarty*, 29 So. 3d 434, 435 (Fla. 2d DCA 2010); *Harris*, 20 So. 3d at 403; *Voronin v. Voronina*, 995 So. 2d 1049, 1050 (Fla. 2d DCA 2008);

5

*Markovich v. Markovich*, 974 So. 2d 600, 600-01 (Fla. 2d DCA 2008); *Esaw*, 965 So. 2d at 1265; *Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc.*, 891 So. 2d 1063, 1065-66 (Fla. 2d DCA 2004); *Bayer v. Glob. Renaissance Arts, Inc.*, 869 So. 2d 1232, 1232 (Fla. 2d DCA 2004); *Giltex Corp. v. Diehl*, 583 So. 2d 734, 735-36 (Fla. 1st DCA 1991).

"The seminal case on this issue is *Giltex Corp. v. Diehl*." *Harris*, 20 So. 3d at 406 (Davis, J., concurring). In *Giltex*, the trial court made an award of attorney's fees pursuant to *Rowe*. 583 So. 2d at 735. The trial court's written order did not include specific findings as to the reasonable hourly rates of the relevant attorneys, the number of hours reasonably expended by them, or the appropriateness of the reduction or enhancement factors. *Id.* On appeal, the appellant failed to provide the First District with a transcript of the trial court proceedings. *Id.* Nevertheless, the First District reversed the fee award. *Id.* at 735-36. In doing so, the court reasoned that "[w]hile the lack of a transcript or stipulated statement might otherwise require affirmance, this rule is not applicable in this case because the trial court's order is fundamentally erroneous on its face for failure to make the express findings required by *Rowe*." *Id.* at 735-36. In support of this conclusion, the court cited *Southeast Bank, N.A. v. David A. Steves, P.A.*, 552 So. 2d 292, 293 (Fla. 2d DCA 1989). *Id.* However, *Southeast Bank* simply stated the proposition that an order which is not fundamentally erroneous on its face must be affirmed where there is no transcript or

other acceptable record of the trial court proceedings. *Southeast Bank*, 552 So. 2d at 293. *Southeast Bank* did *not* state that an order which awards attorneys' fees but does not include written findings as to the *Rowe* factors is fundamentally erroneous on its face. *Southeast Bank* did not even mention *Rowe* and did not hold that any order was fundamentally erroneous on its face. Thus, the *Giltex* court's conclusion that an order granting attorneys' fees is fundamentally erroneous on its face if it fails to include written findings as to the *Rowe* factors appears to have been made based on no legal authority whatsoever.

After the First District issued its decision in *Giltex*, other district courts cited to *Giltex* for the proposition that an order which awards attorneys' fees but does not include written findings as to the *Rowe* factors is fundamentally erroneous on its face and subject to reversal even without a transcript or other acceptable substitute. *See Macarty*, 29 So. 3d at 435; *Voronin*, 995 So. 2d at 1050; *Esaw*, 965 So. 2d at 1265; *Baratta*, 891 So. 2d at 1065-66; *Bayer*, 869 So. 2d at 1232; *Guardianship of Halpert*, 698 So. 2d at 939-40. Other district courts then cited to those opinions, and the rule of *Giltex* – that a trial court's failure to make written findings regarding the *Rowe* factors in an order granting attorneys' fees renders the order erroneous on its face and subject to reversal even without a transcript – became a part of Florida's jurisprudence, despite the First District having made it up out of whole cloth.

7

*Rowe* requires a trial court to make certain findings in connection with granting an award of attorneys' fees, but it does not require those findings to be in writing. We can see no logical reason why an order granting attorneys' fees without including written findings as to the *Rowe* factors would be "fundamentally erroneous on its face" when such an order is not erroneous on its face for failing to include the findings required by Section 61.16, Florida Statutes. A faithful application of the presumption of correctness and Section 59.041, Florida Statutes, as detailed above, requires that we apply the same rule to the findings required by *Rowe* that we apply to the findings required by Section 61.16.

We are not the first district judges to notice this disparity. In *Harris*, Judge Davis wrote a thorough and thoughtful concurrence discussing this exact issue and "question[ing] whether the evolution of this distinction is the intended result of the *Rowe* ruling." 20 So. 3d at 407-08 (Davis, J., concurring). Based on the concerns set forth in Judge Davis's concurrence, the Second District twice certified as a question of great public importance whether an order awarding attorneys' fees pursuant to *Rowe* that lacks written findings as to the *Rowe* factors is fundamentally erroneous on its face and thus subject to reversal even when there is no transcript or acceptable substitute. *Id.* at 404; *Macarty*, 29 So. 3d at 435. Justice Sasso, when serving on the Fifth District Court of Appeal, also wrote a thoughtful and well-reasoned concurrence in which she concluded that *Rowe* does not require the

8

findings concerning the *Rowe* factors to be in writing and that, therefore, an order omitting such written findings should not be subject to reversal without a transcript or an acceptable substitute.[3] *Merriman*, 338 So. 3d at 1087 (Sasso, J., concurring).

For the reasons stated herein, we conclude that Justice Sasso and Judge Davis were right. Accordingly, we hold that a trial court's order awarding attorneys' fees pursuant to *Rowe* is not fundamentally erroneous on its face for failing to include written findings as to the *Rowe* factors.[4] Because the trial court's order in this case is not fundamentally erroneous on its face, and Former Husband has not provided a transcript of the proceeding below or an acceptable substitute, we affirm the trial court's order awarding attorneys' fees to Former Wife.[5] *See Thurman v. Davis*, 321 So. 3d 341, 344 (Fla. 1st DCA 2021) ("[W]here there is no record of the testimony

---

[3] Justice Sasso nonetheless joined the majority opinion in *Merriman* reversing the trial court's order for failure to include written findings regarding the *Rowe* factors because she determined that the *Merriman* panel was bound by a prior decision of the Fifth District Court of Appeal. 338 So. 3d at 1087 (Sasso, J., concurring). Unlike Justice Sasso, we are not bound by any prior precedent on this issue.

[4] Neither Section 61.16, Florida Statutes, or *Rowe* require any findings to be made in writing. The holding we make herein is not relevant to any trial court order applying a statute or other legal authority that does require written findings.

[5] While we affirm the trial court's order, we note that, at the time the trial court entered the order, the trial court was bound by our sister courts' holdings requiring orders awarding attorneys' fees to include written findings concerning the *Rowe* factors. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts."). Therefore, the trial court should have included in its order written findings regarding the *Rowe* factors.

of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared . . . , a judgment which is not fundamentally erroneous on its face must be affirmed." (quoting *GMAC Mortg., LLC v. Palenzuela*, 208 So. 3d 181, 183 (Fla. 3d DCA 2016) (quoting *Zarate v. Deutsche Bank Nat. Tr. Co.*, 81 So. 3d 556, 558 (Fla. 3d DCA 2012)))).

As our holding is in conflict with four of our sister courts, we certify this decision to be in direct conflict with the following cases:

1. *Merriman v. Adler*, 338 So. 3d 1084 (Fla. 5th DCA 2022);

2. *Duke v. Duke*, 211 So. 3d 1078 (Fla. 5th DCA 2017);

3. *Guardianship of Halpert v. Rosenbloom*, 698 So. 2d 938 (Fla. 4th DCA 1997);

4. *Jacobs v. Jacques*, 310 So. 3d 1018 (Fla. 2d DCA 2020);

5. *R.M.A. v. J.A.S.*, 269 So. 3d 649 (Fla. 2d DCA 2019);

6. *Ivanovich v. Valladarez*, 190 So. 3d 1144 (Fla. 2d DCA 2016);

7. *Macarty v. Macarty*, 29 So. 3d 434 (Fla. 2d DCA 2010);

8. *Harris v. McKinney*, 20 So. 3d 400 (Fla. 2d DCA 2009);

9. *Voronin v. Voronina*, 995 So. 2d 1049 (Fla. 2d DCA 2008);

10. *Markovich v. Markovich*, 974 So. 2d 600 (Fla. 2d DCA 2008);

11. *Esaw v. Esaw*, 965 So. 2d 1261 (Fla. 2d DCA 2007);

12. *Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc.*, 891 So. 2d 1063 (Fla. 2d DCA 2004);

13. *Bayer v. Glob. Renaissance Arts, Inc.*, 869 So. 2d 1232 (Fla. 2d DCA 2004); and

10

14. *Giltex Corp. v. Diehl*, 583 So. 2d 734 (Fla. 1st DCA 1991).

## **CONCLUSION**

The trial court's final judgment is affirmed. Conflict is certified as set forth above.

AFFIRMED; CONFLICT CERTIFIED.

TRAVER, C.J., and NARDELLA, J., concur.

Mark A. Neumaier, Tampa, for Appellant.

Melissa Ramos-Baez, Lakeland, pro se.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED