DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOANNA JACKOWSKA,

Appellant,

v.

KEITH BLESSITT,

Appellee.

No. 2D2024-2826
_____

January 23, 2026

Appeal from the Circuit Court for Sarasota County; Rochelle T. Curley, Judge.

Elizabeth S. Wheeler of Berg & Wheeler, P.A., Valrico, for Appellant.

Mark A. Sessums of Sessums Law Group, P.A., Tampa, for Appellee.

SLEET, Judge.

Joanna Jackowska (Former Wife) appeals the trial court's order granting her motion for attorney fees and costs in the amount of $15,265, rather than the $73,763.71 she originally requested. Because the trial court erred in partially awarding her fees and costs without providing specific factual findings concerning the number of hours reasonably expended for a legally sufficient lodestar analysis and the reasons for reducing the requested amount, we reverse.

On March 31, 2022, the trial court entered a final judgment of dissolution of marriage between the Former Wife and Keith Blessitt (Former Husband). The final judgment reserved jurisdiction to resolve requests for attorney fees. On February 23, 2024, the Former Wife filed her attorney Amanda King's affidavit of attorney fees and costs detailing the time and charges that had been incurred during her representation for a total of $73,763.71. Thereafter, on March 25, 2024, the Former Wife filed her motion for attorney fees and costs. The Former Husband filed his response, asserting that he should not be required to pay any fees or costs because he was not in a superior financial position to contribute to the Former Wife's litigation expenses.

On April 29, 2024, the trial court conducted an evidentiary hearing at which King's affidavit was admitted into evidence without objection. At the conclusion of the hearing, the trial court entered an order finding that the Former Wife had a need for attorney fees and costs and establishing that King's billing rate of $300 per hour was reasonable. It also explained that "[i]n this case, bulk billing occurred which would result in a significant reduction of requested fees." It did not specify or otherwise articulate which bulk entries were insufficiently detailed and what amounts would be disallowed. Rather, the trial court referred the parties to mediation "to eliminate all non-compensable items set forth in the 21-page attorney fee affidavit" so that a final fee award could be made.

When the parties were unsuccessful in mediation, the trial court entered its Supplemental Order on Attorney's Fees and Costs on October 29, 2024. The court concluded that the Former Wife had "the sole burden of proof to support her request for attorney's fees and costs," found "credible the arguments set forth by former husband's counsel

2

that result in the exclusion for certain billed entries," and awarded $15,265 to the Former Wife. In doing so, the trial court made no findings regarding the number of hours reasonably expended, nor did it provide any further explanation for the reduction from $73,763.71 to $15,265. The Former Wife filed a motion for rehearing, which the trial court denied, and this appeal ensued.

On appeal, the Former Wife argues that the trial court erred in failing to make findings to justify awarding her only $15,265 of her requested $73,763.71 attorney fees.[1] We agree.

To determine an appropriate attorney fee award, a trial court must determine the number of hours that were reasonably expended in the case as well as the reasonable hourly rate. *Lizardi v. Federated Nat'l Ins.*, 322 So. 3d 184, 188 (Fla. 2d DCA 2021) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985)). Then it "multiplies the number of hours it determined were reasonably expended by the reasonable hourly rate to arrive at the lodestar figure." *Id.* (citing *Rowe*, 472 So. 2d at 1151). When rendering fee awards, "trial courts are required to make specific findings to support their conclusions regarding the number of hours reasonably expended, the reasonable hourly rate, and the appropriateness of the reduction or enhancement factors." *Id.* (citing *Rowe*, 472 So. 2d at 1151). Furthermore, where the trial court reduces the requested fee amount, even without regard to the lodestar amount, it must provide a specific explanation pursuant to *Rowe*. *Id.* at 189. And "the absence of the required findings in the written order renders the order . . . erroneous on its face." *Harris v. McKinney*, 20 So.

---

[1] Although the Former Wife frames the argument as one of fundamental error, because she raised the argument in a motion for rehearing, she preserved the issue for appeal. *See* Fla. Fam. L. R. P. 12.530(a).

3d 400, 403 (Fla. 2d DCA 2009) (citing *Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards*, 891 So. 2d 1063, 1065 n. 4 (Fla. 2d DCA 2004)).

Here, the trial court's order as written merely states the reasonable hourly rate. It does not make any findings as to the reasonable number of compensable hours as required by *Rowe*, and its failure to do so is erroneous. *See id.*

Furthermore, the trial court's conclusion that "[t]he former wife has the sole burden of proof to support her request for attorney's fees and costs" is incorrect. It is true that the Former Wife as the fee applicant has the initial burden of establishing an entitlement to an award of attorney fees. *See Centex-Rooney Constr. Co. v. Martin County*, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999). However, the Former Husband as "the opponent of the fee has the burden of pointing out with specificity which hours should be deducted." *See id.*; *Fleming v. Fleming*, 279 So. 3d 763, 764-65 (Fla. 1st DCA 2019). And he did not do so.

Here, the Former Wife sought to tax 152.5 hours of King's professional services, billed at the rate of $300 per hour, which totaled $42,697.43 in fees. She also requested taxation of 9.1 hours of time billed by an associate attorney at the rate of $250 per hour, which totaled $1,475 in fees. And she sought other specifically identified fees for work performed by paralegals, legal assistants, and law clerks on her case, all as detailed in King's affidavit of fees and costs, which the court received into evidence without objection. At the hearing, King testified that all fees incurred through her firm were reasonable and necessary for the Former Wife's effective representation, and she denied that the Former Wife's behavior had contributed to any additional fees, as opposing counsel alleged. Thus, upon the Former Wife's establishing her

4

entitlement to attorney fees, the burden then shifted to the Former Husband to identify with specificity the billing entries that should be excluded. However, he failed to identify specific fee entries or costs that should be disallowed.

In its order, the trial court accepted the Former Husband's argument that "many of the entries in the fee affidavit were grouped together and described multiple tasks on a particular date." However, there is no further explanation or findings as to the specific entries to be deducted. The Former Husband further suggested that the Former Wife had engaged in misconduct, which increased each party's attorney fees. The trial court agreed, concluding in the final order that "there was unnecessary behavior from the wife that caused an increase in fees." However, to the extent that the trial court may have intended to deduct some portion of the Former Wife's fees and costs as a sanction for litigation misconduct, it was required to make specific findings that support the reduction factors and explain what portion of the fees incurred were occasioned by the misconduct in question. *See Perez v. Perez*, 100 So. 3d 769, 773 (Fla. 2d DCA 2012). Here, the trial court failed to correlate the allegations of misconduct to any specific attorney fees incurred by the Former Wife.

Accordingly, because the trial court's order is erroneous on its face as it fails to contain the required findings, we reverse and remand for the trial court to enter an order that contains specific findings to support the award. *See Lizardi*, 322 So. 3d at 190.

Reversed and remanded.

SILBERMAN and MORRIS, JJ., Concur.

_____

5

Opinion subject to revision prior to official publication.